# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| HEATHER LAWRENCE, KATHY CAMPAU and LAURA PETTIS-CLARK, individually and on behalf of all other persons similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BENESYS, INC., <br><br> Defendant. | Case No. 22-cv-11517 <br><br> Hon. <br><br><br> Magistrate Judge <br><br><br> Demand for Jury Trial |

## COLLECTIVE ACTION COMPLAINT

HEATHER LAWRENCE, KATHY CAMPAU, and LAURA PETTIS-CLARK ("Plaintiffs"), through their undersigned counsel, individually and on behalf of all others similarly situated, file this Collective Action Complaint ("Complaint") against Defendant BeneSys, Inc., ("Defendant"), and in support state the following:

## NATURE OF THE LAWSUIT

1. Defendant provides Taft-Hartley Trust Fund Administration and IT services to clients across the United States and Canada.

2. Defendant employed Plaintiffs and other individuals as Plan Associates.

3. Plan Associates assist Plan Managers with the clerical tasks necessary to operate the trust funds.

4. Defendant paid Plan Associates a salary.

5. Defendant's Plan Associates regularly worked over 40 hours per workweek.

6. Defendant classified Plan Associates as exempt from federal overtime laws and did not pay them at one-and-one-half times their regular rate of pay for hours worked over 40 in one or more individual workweeks since July 19, 2018.

7. Plaintiffs have initiated the instant action to redress violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* caused by Defendant's failure to pay proper overtime wages to Plaintiffs and other similarly situated employees.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this action involves a federal question under the FLSA.

9. Venue is proper in this judicial district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district.

## PARTIES

10. Plaintiff Lawrence was employed by Defendant as a Plan Associate in the state of Ohio from approximately July 2009 until January 2019.

11. Plaintiff Campau was employed by Defendant as a Plan Associate in the state of Michigan from approximately November 2009 until December 2020.

12. Plaintiff Pettis-Clark was employed by Defendant as a Plan Associate in the state of Oregon from approximately July 2016 until July 2019.

13. Defendant's corporate and operational headquarters are located in Troy, Michigan.

## FACTUAL ALLEGATIONS

14. Plaintiffs worked as Plan Associates for Defendant.

15. During their respective employments with Defendant, Plaintiffs performed non-exempt clerical duties, such as gathering, proofreading and formatting/paginating materials for trust meeting books; ordering food and drinks for meeting attendees; preparing meeting minutes; processing accounts payable; coordinating trust filings; and being readily available for general customer service inquiries.

16. Defendant paid Plaintiffs a salary.

17. Plaintiffs allege that Defendant required them to work over 40 hours in individual workweeks, but Defendant did not pay Plaintiffs overtime at one-and-

one-half times their regular rate of pay in one or more individual workweeks during the last three (3) years.

## FLSA COVERAGE ALLEGATIONS

18. Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

19. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

20. Defendant has made more than $500,000 in sales made or business done in each of the last three (3) calendar years.

21. During their respective employments, each Plaintiff was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

22. During their respective employments, Defendant was Plaintiffs' "employer" as defined by the FLSA in 29 U.S.C. § 203(d).

## FLSA COLLECTIVE ACTION ALLEGATIONS

23. Plaintiffs bring their FLSA claims as a collective action.

24. Since July 19, 2018, Defendant employed individuals who performed the same primary job duties as Plaintiffs as Plan Associates.

25. The collective action is defined as follows:

> All persons who worked as exempt Plan Associates for Defendant between July 19, 2018 and February 4, 2022 ("Collective Action Members").

4

26. Collective Action Members worked over 40 hours in one or more individual workweeks.

27. Collective Action Members were paid in the same manner and performed the same primary job duties as Plaintiffs.

28. Defendant is aware or should have been aware that the FLSA required it to pay potential Collective Action Members overtime wages.

29. Plaintiffs' consent forms to participate in the collective action are attached hereto as Exhibits A, B, and C.

## COUNT I
### Violation of the Fair Labor Standards Act
### (Collective Action)

30. Plaintiffs incorporate herein the previous allegations of this Collective Action Complaint.

31. This count arises from Defendant's violation of the FLSA by failing to pay overtime wages to Plaintiffs and the Collective Action Members who allege they may have worked over 40 hours in one or more individual workweeks.

32. Plaintiffs were not exempt from the overtime provisions of the FLSA.

33. The Collective Action Members were not exempt from the overtime provisions of the FLSA.

34. Defendant paid Plaintiffs and the Collective Action Members a salary.

35.  Plaintiffs allege that Defendant violated the FLSA by failing to pay overtime wages to Plaintiffs and the Collective Action Members at one-and-one-half times their regular rate of pay for any individual workweeks when they may have worked over 40 hours.

36.  Defendant's failure to pay Plaintiffs and other similarly situated employees one-and-one-half time their regular rate for all time worked over 40 hours in a workweek was willful.

WHEREFORE, Plaintiffs, on behalf of themselves and the Collective Action Members, seek a judgment against Defendant as follows:

A. Designation of this action as a collective action on behalf of Plaintiffs and those similarly situated;

B. All unpaid overtime wages due to Plaintiffs and the Collective Action Members;

C. Liquidated damages equal to the unpaid overtime compensation due;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

E. Such other relief as the Court deems appropriate.

## **REQUEST FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs and the FLSA Collective request that a jury of their peers hear and decide all possible claims.

Dated: July 6, 2022

/s/ Douglas M. Werman
Douglas M. Werman
*One of Plaintiffs' Attorneys*


Douglas M. Werman
(State of Illinois Bar #6204740)
dwerman@flsalaw.com
Maureen A. Salas
(State of Illinois Bar #6289000)
msalas@flsalaw.com
WERMAN SALAS P.C.
77 West Washington St., Suite 1402
Chicago, Illinois 60602
Phone: (312) 419-1008

Benjamin L. Davis III*
(State of Maryland Bar # 29774)
bdavis@nicholllaw.com
THE LAW OFFICES OF PETER T. NICHOLL
36 South Charles Street, Suite 1700
Baltimore, Maryland 21201
Phone: (410) 244-7005

\* *Application for admission forthcoming*

**Attorneys for Plaintiffs and others similarly situated**